UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

September 9, 2013

## LETTER ORDER

**Re:** *Bhuvaneswari Zanesville Hospitality, LLC v. Doshi, et al.*
Civil Action No. 12-cv-05049 (ES)

Dear Counsel:

Pending before this Court is Plaintiff Bhuvaneswari Zanesville Hospitality, LLC's ("Plaintiff") motion for default judgment against Defendants Jigneshi Doshi ("Doshi") and Kamal Patel ("Patel") (collectively, "Defendants"). (D.E. No. 10). After filing the instant motion, Plaintiff withdrew the motion with respect to Doshi only. (D.E. No. 19). Although Doshi has answered, Patel has not. The Court DENIES Plaintiff's motion as to Patel.

Briefly, this case arises from Defendants' alleged breach of a hotel operation contract. The claims against both Defendants are intertwined because both Defendants signed the hotel operation contract and Plaintiff's complaint does not distinguish between the Defendants in any of its claims. Therefore, it would be inappropriate to grant Plaintiff's motion. *See Animal Sci. Products, Inc. v. China Nat. Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008) ("[I]f default is entered against some defendants in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants: if plaintiff loses on merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants."); *see generally Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005-11 (N.D. Cal. 2001) (discussing multi-defendant default judgment jurisprudence in different federal courts); *Phoenix Renovation Corp. v. Gulf Coast Software, Inc.*, 197 F.R.D. 580, 582-83 (E.D. Va. 2000) (same).

Thus, Plaintiff's motion is DENIED.

**SO ORDERED.**

*s/Esther Salas*
**Esther Salas, U.S.D.J.**